K. Lee Marshall (SBN #277795)
klmarshall@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
Three Embarcadero Center, 7th Floor
San Francisco, California 94111
Telephone: (415) 675-3444

George C. Chen (*pro hac vice* to be filed)
george.chen@bclplaw.com
Cory G. Smith (*pro hac vice* to be filed)
cory.smith@bclplaw.com
Anthony Marino (*pro hac vice* to be filed)
anthony.marino@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
Two North Central Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone: (602) 364-7000

*Attorneys for Plaintiff Invitae Corporation*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INVITAE CORPORATION,<br><br>            Plaintiff,<br><br>    v.<br><br>OPTRAHEALTH, INC.,<br><br>            Defendant. | Case No.  3:22-cv-00784<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Invitae Corporation ("Invitae" or "Plaintiff") brings this action for declaratory judgment of noninfringement against Defendant OptraHealth, Inc. ("OptraHealth" or "Defendant") and alleges as follows:

## NATURE OF THE ACTION

1.     This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States Patent Act, 35 U.S.C. § 1 *et seq.*  Invitae brings this action for a declaration that it does not infringe any claim of U.S. Patent No. 10,754,882 ("the '882 Patent" or "the Asserted Patent") (attached hereto as Exhibit A).

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

1

## THE PARTIES

2       2.      Invitae is a leading medical genetics company whose mission is to bring

3   comprehensive genetic information into mainstream medicine to improve healthcare.  Invitae is a

4   corporation organized and existing under the laws of the State of Delaware, with its principal

5   place of business at 1400 16th Street, San Francisco, CA 94103.

6       3.      On information and belief, OptraHealth is a corporation organized under the laws

7   of the State of California with a place of business at 1798 Technology Drive, Suite 258, San Jose,

8   CA 95110.  On information and belief, OptraHealth is the owner of the '882 Patent.

9

## JURISDICTION AND VENUE

10      4.      This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a)

11  because this is a civil action arising under the patent laws of the United States, 35 U.S.C. § 1, *et*

12  *seq.*, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

13      5.      This Court has personal jurisdiction over OptraHealth because OptraHealth is

14  incorporated in California and has its principal place of business in this District at 1798

15  Technology Drive, Suite 258, San Jose, CA 95110.  OptraHealth has purposefully availed itself of

16  the benefits and protections of California state law by incorporating under California law and

17  establishing a physical presence in California.  OptraHealth, directly and through agents,

18  regularly does, solicits, and transacts business in this District and elsewhere within the State of

19  California.

20      6.      This Court also has jurisdiction over OptraHealth because OptraHealth has availed

21  itself of this forum, including, but not limited to, initiating in this jurisdiction the civil action

22  *OptraHealth, Inc. v. BotsCrew, Inc.*, Civ. No. 3:20-8906-EJD (N.D. Cal. 2020).

23      7.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) because

24  OptraHealth is a California corporation, and has a regular and established place of business in this

25  District, and because this District is a convenient forum for resolution of the parties' disputes set

26  forth herein in that both parties conduct business in this District.  OptraHealth resides in this

27  District, and has identified 1798 Technology Drive, Suite 258, San Jose, CA 95110 as its

28  principal place of business.  Venue is also proper because a substantial part of the events giving

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

COMPLAINT FOR DECLARATORY
JUDGMENT OF NONINFRINGEMENT

rise to the claims at issue occurred in this District.  Both parties reside in this District.  As detailed further below, OptraHealth sent numerous cease and desist demand letters to Invitae's headquarters in this District.

## INTRA-DISTRICT ASSIGNMENT AND RELATED ACTIONS

8.     Pursuant to Civil Local Rules 3-5(b) and 3-2(c), because this action is an intellectual property action, it is properly assigned to any of the divisions of this District and is subject to assignment on a district-wide basis.

9.     Pursuant to Local Patent Rule 2-1(a)(1), this action is related to *OptraHealth, Inc. v. BotsCrew, Inc.*, Civ. No. 3:20-8906-EJD (N.D. Cal. 2020), in which OptraHealth was also the party asserting infringement of precisely the same patent at issue here.

## FACTUAL BACKGROUND

10.     Invitae is a leading medical genetics company in the business of delivering genetic testing services that support a lifetime of patient care — from inherited disease diagnosis, to family planning, to proactive health screening to personalized diagnosis, treatment and monitoring of cancer. Invitae's tests are delivered via a unique, rapidly expanding platform that serves patients, healthcare providers, biopharma companies, and other partners, thereby capturing the broad potential of genetics and helping to expand its use across the healthcare continuum.

11.     Invitae also applies proprietary design, process automation, robotics, and bioinformatics software solutions to achieve efficiencies in sample processing and complex variant interpretation, allowing medical interpretation at scale. The result is a new and simplified process for obtaining and using affordable, high-quality genetic information to inform critical healthcare decisions. That access and scale also enable genomic information to speed the discovery and development of new personalized medical therapies — all while making clinical genetic testing available to billions of people. By pioneering new ways of sharing, understanding, and applying genetic information, Invitae is transforming the field of genetics from a series of one-time, one-dimensional queries to a lifelong clinical dialogue with our genes using complex analyses and information management to improve medical decisions and optimize health interventions.

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

COMPLAINT FOR DECLARATORY
JUDGMENT OF NONINFRINGEMENT

12.     One of Invitae's successful products is its Genetic Information Assistant or Gia® ("Gia"). The Gia software is a HIPAA-compliant clinical chatbot that facilitates virtual conversations with patients, including intake of family history and automatic delivery of results. Gia is designed by genetic experts and is used by more than 100,000 patients and their doctors. Gia was developed in collaboration with genetic counselors to ensure information is offered in a medically responsible way. Gia can guide patients regarding consent, personalized risk assessment, insurance benefits, pre/post-test education and understanding their test results, all through an intuitive online conversation. Among other things, Gia walks patients through their genetic test results and can also schedule patients for a call with an Invitae genetic counselor.  Gia has an exceedingly high (>90%) satisfaction rate with patients and is used by some of the top academic health systems in the U.S.

13.     On November 17, 2020, OptraHealth sued BotsCrew, Inc. in this District, alleging infringement of the '882 Patent.  BotsCrew moved to dismiss OptraHealth's complaint on the ground that, *inter alia*, the '882 Patent is directed to unpatentable subject matter.  The motion was fully briefed on May 24, 2021.  The Court scheduled a hearing on the motion for August 26, 2021 and later continued it to November 4, 2021.  On August 25, 2021, while the motion to dismiss remained pending, the Court granted the parties' joint motion to dismiss OptraHealth's claims with prejudice.

## EXISTENCE OF AN ACTUAL CONTROVERSY

14.     There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

15.     On August 30, 2021, OptraHealth, through counsel, sent a letter to Invitae's San Francisco office, alleging that Gia infringes the '882 Patent.

16.     OptraHealth's letter contends that "the functionality provided in GIA . . .  infringes on the claims granted to OptraHEALTH in Patent '882" and specifically identifies claim 1 of the '882 Patent as being infringed.

17.     OptraHealth's letter demands that Invitae immediately cease and desist infringement of the '882 Patent and states: "In the event you fail to meet this demand, we may

COMPLAINT FOR DECLARATORY
JUDGMENT OF NONINFRINGEMENT

advise OptraHEALTH of all available legal remedies, including seeking the [sic] monetary damages, injunctive relief, and an order that you pay court costs and attorney's fees. Your liability and exposure under such legal action could be considerable." The letter further states: "our client is willing to license OptraHEALTH's technology through a non-exclusive, non-transferable license." Apparently not confident of its allegations, OptraHealth further stated: "**If you decline a license, we request all documentation including technical specifications and design documentation for the Gia product to evaluate the merits of any legal claims you may assert.**" (emphasis original).

18.    In a letter dated September 30, 2021, Invitae thoroughly refuted OptraHealth's baseless allegation. Invitae identified several reasons why Gia does not infringe any claim of the '882 Patent. For example, Invitae explained: "Each claim of the '882 patent requires performing steps (F) and (G) of claim 1, which require a 'knowledge-graphing system' that includes two types of 'knowledge graphs':

'(F) compiling a corresponding knowledge corpus for the specific health report through a knowledge-graphing system, wherein the corresponding knowledge corpus includes *a query-related knowledge graph and a report-related knowledge graph;*

(G) extracting a list of query-related information from the corresponding knowledge corpus of the specific health report by *comparing and associating the query-related knowledge graph with the report-related knowledge graph* through the knowledge-graphing system.'" (emphasis original).

19.    Invitae explained that Gia does not compare and associate any graphs, much less the "query-related knowledge graph" and the "report-related knowledge graph" required in these two steps of the method recited in each claim of the '882 Patent.

20.    In a letter dated October 14, 2021, OptraHealth persisted in its baseless allegation of infringement and again threatened legal action, stating it would "not hesitate to seek court intervention declaring that Invitae has willfully infringed OptraHealth's patent."

21.    After further correspondence, including threats to at least one Invitae customer, OptraHealth warned Invitae, in a letter dated November 10, 2021, that it was providing "a last opportunity to resolve the issues." And, in a letter dated February 2, 2022, OptraHealth asserted

Bryan Cave Leighton Paisner LLP
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4070

COMPLAINT FOR DECLARATORY
JUDGMENT OF NONINFRINGEMENT

that "we may have no choice but to seek court intervention. Enclosed please find a proposed Complaint to be filed with the District Court for the Western District of Texas.  The complaint provides the basis for the allegations of the '882 patent by Invitae." (A copy of OptraHealth's draft complaint is attached hereto as Exhibit B.)  OptraHealth's counsel threatened that if "we do not hear from you by February 10, 2022, the client will pursue all available remedies, including filing suit for patent infringement."

22.    Faced with these ongoing, persistent, and baseless threats of lawsuits against Invitae and its customers for patent infringement — and for a product developed prior to the filing of OptraHealth's patent application — Invitae has no choice but to invoke the judicial process to resolve this dispute.  OptraHealth's continued threats present a needless distraction and interference from Invitae's mission to bring comprehensive genetic information into mainstream medical practice to improve the quality of healthcare for billions of people.

23.    The foregoing correspondence demonstrates that an immediate, substantial, and justiciable controversy exists between Invitae and OptraHealth regarding Invitae's alleged infringement of the '882 Patent.  Accordingly, there is an immediate and existing case or controversy, and declaratory judgment jurisdiction exists over the subject matter set forth in this complaint.

## <u>COUNT I</u>

Declaratory Judgment of Noninfringement of U.S. Patent No. **10,754,882**

24.    The foregoing paragraphs are incorporated herein by reference.

25.    The manufacture, use, sale, offer for sale, and/or importation of the accused product does not infringe, directly or indirectly, any valid claim of the '882 Patent.

26.    The Accused Product does not infringe claims requiring a method of retrieving information from a health report through a machine assisted interrogation process comprising the steps of: (A) providing a personal assistance device, wherein the personal assistance device is communicably coupled with a reporting system; (B) providing a reporting system, wherein the reporting system comprises a plurality of health reports and a query-interrogation system; (C) receiving a health report-related query through the personal assistance device, wherein the health

Bryan Cave Leighton Paisner LLP
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4070

COMPLAINT FOR DECLARATORY
JUDGMENT OF NONINFRINGEMENT

report-related query corresponds to a specific health report from the plurality of health reports; (D) forwarding the health report-related query to the reporting system through the personal assistance device; (E) selecting the specific health report from the plurality of health reports through the query-interrogation system; (F) compiling a corresponding knowledge corpus for the specific health report through a knowledge-graphing system, wherein the corresponding knowledge corpus includes a query-related knowledge graph and a report-related knowledge graph; (G) extracting a list of query-related information from the corresponding knowledge corpus of the specific health report by comparing and associating the query-related knowledge graph with the report-related knowledge graph through the knowledge-graphing system; (H) forwarding the list of query-related information from the reporting system to the personal assistance device; (I) converting the list of query-related information to an output content file through the query-interrogation system; and (J) outputting the output content file through the personal assistance device.

27.     An actual and justiciable controversy exists between Invitae and OptraHealth as to whether the '882 Patent is infringed, and this controversy is likely to continue.  A judicial declaration is necessary and appropriate so that Invitae may ascertain its rights with respect to the '882 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Invitae respectfully requests that judgment be entered in its favor and prays that the Court grant the following relief:

(a)     A judgment declaring that Invitae has not infringed and is not infringing, either directly or indirectly, any claims of the Asserted Patent and declaring that the manufacture, use, sale, offer for sale, and/or importation of the Accused Product does not infringe, directly or indirectly, any claims of the Asserted Patent;

(b)     A judgment that Defendant OptraHealth and each of its officers, directors, agents, counsel, servants, employees, and all persons in active concert or participation with any of them, be restrained and enjoined from (i) alleging, representing, or otherwise stating that Invitae or the manufacture, importation, use, offer for sale, or sale of the Accused Product infringes the

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

COMPLAINT FOR DECLARATORY
JUDGMENT OF NONINFRINGEMENT

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

1 Asserted Patent, and (ii) instituting or initiating any action or proceeding alleging infringement of

2 the Asserted Patent against Invitae or customers, manufacturers, users, importers or sellers of the

3 Accused Product;

4     (c)    A judgment declaring that Invitae is the prevailing party and that this is an

5 exceptional case under 35 U.S.C. § 285 and awarding Invitae its reasonable attorneys' fees,

6 expenses, and costs in connection with this case;

7     (d)    A judgment awarding Invitae its costs and reasonable expenses to the fullest extent

8 permitted by law; and

9     (e)    A judgment awarding Invitae any other remedy or relief as the Court may deem

10 just and proper.

## **JURY DEMAND**

12     Invitae demands a trial by jury on all issues so triable.

15 Dated: February 7, 2022          Respectfully submitted,

17 By: */s/ K. Lee Marshall*
K. Lee Marshall (SBN #277795)
18 klmarshall@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
19 Three Embarcadero Center, 7th Floor
San Francisco, California 94111
20 Telephone: (415) 675-3444

21 George C. Chen (*pro hac vice* to be filed)
george.chen@bclplaw.com
22 Cory G. Smith (*pro hac vice* to be filed)
cory.smith@bclplaw.com
23 Anthony Marino (*pro hac vice* to be filed)
anthony.marino@bclplaw.com
24 BRYAN CAVE LEIGHTON PAISNER LLP
Two North Central Avenue, Suite 1200
25 Phoenix, Arizona 85004
Telephone: (602) 364-7000

27 ***Attorneys for Plaintiff Invitae Corporation***

COMPLAINT FOR DECLARATORY
JUDGMENT OF NONINFRINGEMENT