K. Lee Marshall (SBN #277795)
klmarshall@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
Three Embarcadero Center, 7th Floor
San Francisco, California 94111
Telephone: (415) 675-3444

George C. Chen (*pro hac vice* to be filed)
george.chen@bclplaw.com
Cory G. Smith (*pro hac vice* to be filed)
cory.smith@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
Two North Central Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone: (602) 364-7000

Erin Kelly (*pro hac vice* to be filed)
Erin.Kelly@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Telephone: (303) 866-0422

*Attorneys for Plaintiff Invitae Corporation*

CHRIS ZHEN (State Bar No. 275575)
chris.zhen@zhenlawfirm.com
ZHEN LAW FIRM
5670 Wilshire Blvd #1800
Los Angeles, CA 90036
Telephone: (213) 935-0715

*Attorney for Defendant*
OptraHealth, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INVITAE CORPORATION,<br><br>    Plaintiff,<br><br> v.<br><br>OPTRAHEALTH, INC.,<br><br>    Defendant. | Case No. 4:22-CV-00784-HSG<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

1. **JURISDICTION & SERVICE**

This is an action for declaratory judgment arising under 28 U.S.C. §§ 2201 and 2202, and the United States Patent Act, 35 U.S.C. § 1 *et seq*. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

2. **FACTS**

**Plaintiff's Statement:**

Invitae is a leading medical genetics company in the business of delivering genetic testing services that support a lifetime of patient care. One of Invitae's successful products is its Genetic Information Assistant or Gia® ("Gia"). The Gia software is a HIPAA-compliant clinical chatbot that facilitates virtual conversations with patients, including intake of family history and automatic delivery of results. Gia is designed by genetic experts and is used by more than 100,000 patients and their doctors.

OptraHealth sent a letter to Invitae alleging that Gia infringes the '882 Patent on August 30, 2021. OptraHealth's letter contends that "the functionality provided in GIA . . . infringes on the claims granted to OptraHEALTH in Patent '882" and specifically identifies claim 1 of the '882 Patent as being infringed. Moreover, OptraHealth's letter demands that Invitae immediately cease and desist infringement of the '882 Patent.

Invitae thoroughly refuted Optra Health's baseless infringement allegation in a letter dated September 30, 2021. After further correspondence, including threats to at least one Invitae customer, OptraHealth warned Invitae, in a letter dated November 10, 2021, that it was providing "a last opportunity to resolve the issues" and attached a draft compliant alleging infringement of the '882 Patent.

Faced with these ongoing, persistent, and baseless threats of lawsuits against Invitae and its customers for patent infringement — and for a product developed prior to the filing of

1  OptraHealth's patent application — Invitae has no choice but to file this action in order to resolve
2  this dispute.

3  OptraHealth has not asserted any counterclaims against Invitae in this action. Instead,
4  OptraHealth followed through with its threats and filed a complaint against Invitae in this District
5  alleging infringement of the '882 Patent on May 20, 2021 (*see* Case Number: 5:22-cv-03002-BLF).

**Defendant's Statement:**

Invitae filed the complaint ("Complaint") in this action on February 7, 2022. Invitae alleges that the accused product Gia does not infringe, directly or indirectly, any valid claim of the 10,754,882 Patent (the '882 Patent or Patent-in-Suit).

OptraHealth understands that Invitae asserts the Gia product does not infringe the '882 Patent. OptraHealth alleges that the Gia product infringes on at least claims 1 and 3 of the '882 Patent by making, using, selling, offering for sale and/or importing the Gia accused product.

OptraHealth additionally alleges that Invitae induces infringement of the '882 patent by instructing, directing, and/or requiring others to perform all or some of the steps of method claims of the '882 Patent. OptraHealth further alleges that Invitae's infringement is willful. OptraHealth contends it holds all rights, title, and interest in the '882 Patent. OptraHealth seeks damages and injunctive relief for the alleged infringement, as well as a finding that this case is exceptional.

## 3. LEGAL ISSUES

The principal disputed legal issues are:

**Agreed:**

- The proper construction of any disputed claim terms
- Whether this case is an exceptional case (35 U.S.C. § 285)

**Plaintiff's Statement:**

- Whether Invitae has not infringed and is not infringing the Asserted Patent, either directly or indirectly.
- Whether OptraHealth and each of its officers, directors, agents, counsel, servants, employees, and all persons in active concert or participation with any of them, be restrained and enjoined from (i) alleging, representing, or otherwise stating that Invitae

or the manufacture, importation, use, offer for sale, or sale of the Accused Product infringes the Asserted Patent, and (ii) instituting or initiating any action or proceeding alleging infringement of the Asserted Patent against Invitae or customers, manufacturers, users, importers or sellers of the Accused Product.

- Whether Invitae states a claim upon which relief may be granted.
- Whether Invitae is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

**Defendant's Statement:**

•  The proper construction of any disputed claim terms;

•  Whether Invitae infringes the Patent-in-Suit, either directly (35 U.S.C. § 271(a)) or indirectly (35 U.S.C. § 271(b));

•  Any other affirmative defenses of Invitae;

•  Whether OptraHealth is entitled to damages as a result of the alleged infringement of the Patent-in-Suit, and if so, the amount (35 U.S.C. § 284);

•  Whether OptraHealth is entitled to injunctive relief to prevent alleged irreparable harm as a result of the alleged continuing infringement of the Patent-in-Suit (35 U.S.C. § 283);

•  Whether Invitae's alleged infringement is willful;

4. **MOTIONS**

(a) Pending Motions

There are currently no pending motions.

(b) Anticipated Motions

**Plaintiff's Statement:** Invitae anticipates moving to consolidate this action with the action that OptraHealth filed alleging infringement of the Asserted Patent (Case Number: 5:22-cv-03002-BLF). Invitae further anticipates moving for summary judgment and may file other dispositive and non-dispositive motions as appropriate, as the case progresses.

**Defendant's Statement:** OptraHealth anticipates moving for summary judgment and may file other dispositive and non-dispositive motions as appropriate, as the case progresses.

5. **AMENDMENT OF PLEADINGS**

N/A

6. **EVIDENCE PRESERVATION**

The parties have reviewed the Northern District of California's Guidelines for the Discovery of Electronically Stored Information ("ESI") and Checklist for Rule 26(f) Meet and Confer Regarding ESI, including those portions related to evidence preservation. Additionally, the parties have not yet met and conferred regarding evidence preservation. Each party has implemented a litigation hold with respect to all ESI and hardcopy documents and media identified as relevant to this action. Further agreement regarding ESI preservation may be addressed in the parties' Stipulated Order Regarding Discovery of ESI ("ESI Order").

7. **INITIAL DISCLOSURES**

The parties agree to exchange initial disclosures pursuant to Rule 26(a) 21 days after discovery commences pursuant to Paragraph 8 below.

8. **DISCOVERY**

**Plaintiff's Statement:** No discovery has been taken to date in this action. The parties should continue to meet and confer and shall submit and/or supplement this Joint Case Management Statement with any modifications to the Patent Local Rules once this case is consolidated with OptraHeath's action alleging infringement of the Asserted Patent (Case Number: 5:22-cv-03002-BLF). This will allow the case to proceed most efficiently and also conserve judicial resources.

**Defendant's Statement:** No discovery has been taken to date. Pursuant to Rule 26(f) and paragraph 8 of the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the parties propose no modifications need to be made to the obligations or deadlines set forth in the Patent Local Rules.

9. **CLASS ACTIONS**

This case is not a class action.

10. **RELATED CASES**

*OptraHealth, Inc. v. Invitae Corporation* (Case Number: 5:22-cv-03002-BLF)

11. **RELIEF**

**Plaintiff's Statement:** Invitae seeks entry of a judgment (1) declaring that Invitae has not infringed, either directly or indirectly, any claims of the Asserted Patent and declaring that the manufacture, use, sale, offer for sale, and/or importation of the Accused Product does not infringe, directly or indirectly, any claims of the Asserted Patent; (2) that OptraHealth be restrained and enjoined from (i) alleging, representing, or otherwise stating that Invitae or the manufacture, importation, use, offer for sale, or sale of the Accused Product infringes the Asserted Patent, and (ii) instituting or initiating any action or proceeding alleging infringement of the Asserted Patent against Invitae or customers, manufacturers, users, importers or sellers of the Accused Product; (3) declaring that Invitae is the prevailing party and that this is an exceptional case and awarding Invitae is reasonable attorneys' fees, expenses, and costs; and (4) awarding Invitae its costs and reasonable expenses to the fullest extent permitted by law.  OptraHealth has not asserted any counterclaims against Invitae.

**Defendant's Statement:** OptraHealth seeks entry of judgment finding that Invitae has infringed and is infringing the Patent-in-Suit. OptraHealth also seeks injunctive relief, including an injunction against Invitae from infringing the Patent-in-Suit. OptraHealth also seeks monetary damages, including damages based on a calculation of lost profits or an amount no less than a reasonable royalty. OptraHealth further seeks a finding that Invitae has willfully infringed the Patent-in-Suit and all damages-related remedies available to OptraHealth for Inviate's willful infringement. OptraHealth further seeks a judgment that this case is exceptional and an award of OptraHealth's costs and reasonable attorneys' fees. OptraHealth also seeks an accounting of all sales and revenues, together with pre-judgment and post-judgment interest.

12. **SETTLEMENT AND ADR**

Pursuant to ADR L.R. 3-5, the parties have reviewed the Court's ADR handbook, and will discuss the available ADR procedures and considered whether this case would benefit from an ADR procedure.

### 13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Invitae consents to a magistrate judge conduct all further proceedings including trial and entry of judgment.

OptraHealth declines to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

### 14. **OTHER REFERENCES**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. **NARROWING OF ISSUES**

Subject to the progression of discovery, the parties may be able to narrow certain issues via stipulated facts.

### 16. **EXPEDITED TRIAL PROCEDURE**

The parties do not propose that this case proceed under the Expedited Trial Procedure of General Order 64 Attachment A.

### 17. **SCHEDULING**

The parties agree to jointly propose a scheduling order once discovery commences pursuant to paragraph 8 above.

### 18. **TRIAL**

The parties have requested trial by jury. The parties expect that the trial will require approximately 7-10 court days.

### 19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Invitae is a publicly-held corporation that has no parent company and no other publicly-traded corporation owns 10% or more of Invitae stock.

OptraHealth has filed a Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16. OptraHealth certifies that other than the named parties, there is no such interest to report.

20. **PROFESSIONAL CONDUCT**

    The attorneys of record confirm that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **OTHER**

N/A

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER

| | |
|---|---|
| Dated: June 14, 2022 | Respectfully submitted,<br><br>By: *K. Lee Marshall*<br>K. Lee Marshall (SBN #277795)<br>klmarshall@bclplaw.com<br>BRYAN CAVE LEIGHTON PAISNER LLP<br>Three Embarcadero Center, 7th Floor<br>San Francisco, California 94111<br>Telephone: (415) 675-3444<br><br>George C. Chen (*pro hac vice* to be filed)<br>george.chen@bclplaw.com<br>Cory G. Smith (*pro hac vice* to be filed)<br>cory.smith@bclplaw.com<br>BRYAN CAVE LEIGHTON PAISNER LLP<br>Two North Central Avenue, Suite 1200<br>Phoenix, Arizona 85004<br>Telephone: (602) 364-7000<br><br>Erin Kelly (*pro hac vice* to be filed)<br>Erin.Kelly@bclplaw.com<br>BRYAN CAVE LEIGHTON PAISNER LLP<br>1700 Lincoln Street, Suite 4100<br>Denver, CO 80203<br>Telephone: (303) 866-0422<br><br>*Attorneys for Plaintiff Invitae Corporation*<br><br>**THE ZHEN LAW FIRM**<br><br>**By:**   */s/ Chris J. Zhen*<br>Chris J. Zhen<br><br>*Attorney for Defendant OptraHealth* |

# **ATTESTATION**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

By:   /s/ *K. Lee Marshall*
K. Lee Marshall (SBN #277795)

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and the parties shall comply with its provisions.

**IT IS SO ORDERED.**

Dated: _____, 2022

_____
HON. HAYWOOD S. GILLIAM, JR.
UNITED STATES DISTRICT JUDGE

# CERTIFICATE OF SERVICE

This is to certify that on the 14th day of June 2022, I electronically filed the foregoing JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER using the Court's CM/ECF filing system which sends notification of such filing to all parties and/or counsel of record.

DATED: June 14, 2022    By:    /s/ K. Lee Marshall
                               K. Lee Marshall (SBN #277795)